**ATTORNEY DEBT RESET, INC.**
Jeremy G. Winter, SBN 245631
Robert S. Gimblin, SBN 272044
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorneys for Plaintiff(s)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| BARNEY VICTOR ROSS,<br><br>　　　　　　Plaintiff(s),<br>v.<br>TOTAL CARD, INC.,<br>　　　　　　Defendant(s). | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the California RFDCPA, California Civil Code § 1788-1788.32 (hereinafter "RFDCPA"); and various common law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

///

## PARTIES

4. Plaintiff BARNEY VICTOR ROSS (hereinafter "Plaintiff") is a natural person who resides in the City of Sacramento, County of Sacramento, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Plaintiff is informed and believes, and thereon alleges that Defendant TOTAL CARD, INC. (hereinafter "Defendant"), is a limited partnership with a principal business address of 5109 BROADBAND LANE, SIOUX FALLS, SOUTH DAKOTA, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant(s) is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is/are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2 (b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2 (c).

8. This case involves money property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are

defined by Cal. Civ. Code § 1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

9. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

## **FACTUAL ALLEGATIONS**

10. Sometime before 2008 Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, an alleged obligation to CITIBANK , said debt was later "charged off" and transferred or otherwise assigned/sold/consigned to Defendant for collection.

11. Defendant began its collection activity upon Plaintiff on or about the month of May in 2011.

12. On or about May 3, 2011 Defendant composed and sent a dunning letter to Plaintiff seeking to recover a balance of $4,985.78 from Plaintiff. *See Exhibit 'A'*.

13. On or about July 21, 2008 Plaintiff filed for Chapter 7 bankruptcy in the Eastern District of California, case number 2008-29866.

14. Plaintiff was granted a discharge on November 12, 2008.

15. Included in Plaintiff's discharge was Citibank, the original creditor on this debt. Also included in Plaintiff's bankruptcy was Asset Acceptance.

16. More than two and half years later comes Defendant seeking to collect on debt discharged in bankruptcy. Plaintiff believes and hereon alleges that Defendant purchased or was assigned this debt with knowledge of Plaintiff's bankruptcy and discharge or in the alternative Defendant is otherwise aware of Plaintiff's bankruptcy and discharge, and now seeks to illegally collect on this debt in violation of the Fair Debt Collection Practices Act  (11 U.S.C. § 1692, et seq) as well as the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788, et seq).

17. The above-described acts and letter sent by Defendant amount to an attempt to collect on an amount not expressly authorized by law and which is in fact expressly prohibited by law, and amounts to a violation of 15 U.S.C. § 1692f

18. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

19. Because Defendant was aware of Plaintiff's bankruptcy prior to its collection attempt, this attempt to collect can only be interpreted as conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of debt, and amounts to a violation of 15 U.S.C. § 1692d.

20. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 et seq.**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

23. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §§ 1788-1788.32

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

26. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages of *not less than $10,000.00*, exclusive of fees and costs, as follows:

## COUNT I

## Violations of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).
- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
- Such other and further relief as may be deemed just and proper.

## COUNT II

## Violations of the Rosenthal Fair Debt Collection Practices Act

## California Civil Code §§ 1788-1788.32

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).
- An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).
- Such other and further relief as may be deemed just and proper.

## **TRIAL BY JURY**

- Pursuant to the seventh amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

///

///

///

Respectfully submitted,

Date: May 26, 2011                                /s/ Robert S. Gimblin
                                                  Robert S. Gimblin, Esq.
                                                  Attorney Debt Reset, Inc.
                                                  Attorneys for Plaintiff


Date: May 26, 2011                                /s/ Jeremy G. Winter
                                                  Jeremy G. Winter, Esq.
                                                  Attorney Debt Reset, Inc.
                                                  Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA        )
                           )
COUNTY OF SACRAMENTO   )
                           )

Plaintiff, BARNEY VICTOR ROSS, under penalty of perjury declare as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Barney V. Ross                                              5/26/2011

Barney V. Ross                                                  Date